IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT J. DOHERTY,<br>    Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | CIVIL ACTION NO.<br>1:23-CV-2241-TWT-CCB<br><br>CRIMINAL ACTION NO.<br>1:21-CR-184-TWT-CCB |

## FINAL REPORT AND RECOMMENDATION

I have reviewed Robert J. Doherty's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody [Doc. 44], and I have construed his filing liberally because he is proceeding pro se. *See, e.g.*, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). I have also reviewed the government's response [Doc. 50], and I **GRANT** nunc pro tunc the government's unopposed motion for an extension of time to file that response [Doc. 46]. For the reasons set forth below, I **RECOMMEND** that Doherty's § 2255 motion be denied and that a certificate of appealability be **DENIED**.

In 2021, Doherty was indicted for knowingly possessing a machine gun in violation of 18 U.S.C. §§ 922(o) and 924(a)(2) (Count One) and knowingly possessing a short-barreled rifle that was not registered to him in the National Firearms Registration and Transfer Record in violation of 26 U.S.C. §§ 5861(d) and

5871 (Count Two). *See* [Doc. 7]. Doherty entered a negotiated plea of guilty to Count Two, and Count One was dismissed. *See* [Docs. 38-1 & 42]. During the plea hearing, Doherty admitted to facts that established each element necessary to prove his guilt on Count Two. *See* [Doc. 48 at 20–23]. This Court sentenced Doherty to a 21-month term of imprisonment to be followed by a 3-year period of supervised release. *See* [Doc. 42].[1]

Doherty has now filed a § 2255 motion seeking to vacate, set aside, or correct his sentence. *See* [Doc. 44]. In that motion, Doherty states as follows:

> GROUND ONE: Not requesting full discovery to make an argu[]ment.
> *Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):* Could have argued entrapment.
>
> GROUND TWO: Military Service
> *Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):* Not stating that the Marine Corps trained me in both "short barrel rifles" and "machine guns"
>
> GROUND THREE: Did not bring up intent on registering "SBR"
> *Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):* Could of argued that if I did register "SBR" it would have been legal which I intended to do

---

[1] Doherty has completed his custodial sentence and is now on supervised release. His supervised release terms have recently been modified because he has repeatedly violated them. *See* [Docs. 43, 51, & 52].

> GROUND FOUR:  Supreme Court Warrant
> *Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.)*:  Warrant stated I was wanted for domestic terrorism, which was not applicable or argued.  I was sticking to contract I signed for D.O.D[.] "protecting Americans"

[Doc. 44 at 4-8 (preprinted language on § 2255 motion form is italicized to distinguish it from Doherty's handwritten responses)].  All that Doherty wrote elsewhere on the form that relates to these grounds was:  "It was so cold in court my teeth were [c]hattering"; "Took the easy way out to go home sooner"; "Lawyer stated I was guilty either way"; "I was told it didn't matter"; and "I would like to present entrapment, because if you removed the federal agent from the case then there would be no case."  [*Id.* at 4-9].

Although Doherty's written plea agreement included a broad collateral attack waiver, *see* [Doc. 38-1 at 14], the government has not relied on that waiver in its response, *see* [Doc. 50].  Rather, the government contends that Doherty's § 2255 motion is meritless.  *See* [Doc. 50].  I agree, albeit for somewhat different reasons.

It plainly appears that Doherty is not entitled to relief under § 2255 on any of the grounds he has raised in his motion, as drafted and filed.

> [T]he § 2255 Rules mandate 'fact pleading' as opposed to 'notice pleading . . . .  The reason for the heightened pleading requirement–fact pleading–is obvious. . . . [T]he habeas petitioner ordinarily possesses, or has access to, the evidence necessary to establish the facts supporting his collateral claim; he necessarily became aware of them during the course of the criminal prosecution or sometime afterwards. . . .

3

> Whatever the claim, though, the petitioner is, or should be, aware of the evidence to support the claim before bringing his petition.

*Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011); *see also Arrington v. Warden*, No. CV 117-022, 2017 WL 4079405, at *2 (S.D. Ga. Sept. 14, 2017) ("To properly fact plead, a petitioner must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified. These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review. Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." (internal quotation marks and citations omitted)).  Here, Doherty has not pleaded specific facts in support of any of his grounds.  That is, Doherty has not alleged facts to show that he was "entrapped," explained why his military service might exempt him from prosecution for a firearms crime that he admitted committing, offered any support for his assertion that he "intended" to register the unregistered short-barreled rifle he had in his home, or offered any factual support for his claim that a warrant was invalid.  Because Doherty's § 2255 motion is devoid of factual support, it is, simply put, frivolous.[2]

---

[2] To the extent that Doherty's motion can be liberally construed to raise ineffective assistance of counsel claims premised on assertions that his lawyer missed strong, available arguments, it is still meritless because Doherty failed to

4

To be entitled to a certificate of appealability under 28 U.S.C. § 2253(c), a movant "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citations omitted). Doherty has not met this standard.

For the foregoing reasons, I **RECOMMEND** that Doherty's § 2255 motion be denied and that a certificate of appealability be denied.

I **DIRECT** the Clerk to terminate the referral of the civil case (No. 1:23-CV-2241-TWT) to me.

**SO ORDERED, REPORTED, AND RECOMMENDED**, this 15th day of December, 2023.

_____
CHRISTOPHER C. BLY
UNITED STATES MAGISTRATE JUDGE

---

allege facts demonstrating that any "entrapment" or "warrant"-based argument was well founded and, if raised, had a reasonable probability of changing the outcome of the proceeding. *See, e.g., Martin v. United States*, 949 F.3d 662, 667 (11th Cir. 2020) (noting that for ineffective assistance of counsel claims, a petitioner must demonstrate prejudice by showing a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different). "[I]t is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance." *Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994).